# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GIOVANNI BISIGNANI, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:18-cv-03767-PX |
| JOSHUA CROW AND DAVID CROW, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION AND ORDER

Plaintiff Giovanni Bisignani filed a Complaint against Defendants Joshua Crow and David Crow for claims arising from a motor vehicle collision. ECF No. 1. Pending before the Court is Plaintiff's Motion for Alternative Service. ECF No. 6. For the following reasons, the Plaintiff's motion is GRANTED.

Plaintiff initially requested summonses be issued for service on Defendants at a Maryland address listed in the police report. ECF No. 6 ¶ 2. However, further research revealed Defendant David Crow sold the property located at that address in August 2016. *Id.* ¶ 3. Plaintiff then contacted Defendants' insurer, Geico. In response, Geico adjuster Abigayle Sasser provided an address for Defendants in Knoxville, Tennessee. *Id.* ¶¶ 4–5. After the Court reissued the summonses for the Defendants, Plaintiff contacted the sheriff in Knoxville to request service. *Id.* ¶¶ 6–7. The Knoxville sheriff was unable to effectuate service, noting that David Crow "lives in St. Louis" and Joshua Crow "lives in Maryland." ECF No. 6-3 at 1–2.

Federal Rule of Civil Procedure 4(e) provides that service may be effected in any judicial district through one of several ways. The summons and complaint may be delivered to the individual personally; left at the individual's dwelling or usual place of abode with a person of suitable age and discretion residing there; or delivered to an agent authorized to receive service

of process. Fed. R. Civ. P. 4(e)(2). Alternatively, service can be effected pursuant to the law of the "state where the district court is located [Maryland, in this case] or where service is made." Fed. R. Civ. P. 4(e)(1).

Maryland law provides that when an affidavit states that "good faith efforts" have been made to serve the defendant, "the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice." Md. Rule 2-121(c). "In order to pass constitutional muster, such notice 'is that which is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Life Ins. Co. of N. Am. v. Batson*, No. DKC 2003-2126, 2004 WL 540434, at *1 (D. Md. Mar. 16, 2004) (quoting *Elmco Props., Inc. v. Second Nat'l Fed. Sav. Ass'n*, 94 F.3d 914, 920 (4th Cir. 1996)).

Plaintiff has established that he has made good faith efforts to serve Defendants. Plaintiff submits record of David Crow selling the property at the address listed in the police report, an email from Defendants' insurance adjuster providing their last known address in Tennessee, and signed forms from the Knoxville sheriff's department attesting the summons could not be served to Defendants at that address. *See* ECF Nos. 6-1, 6-2, 6-3. Accordingly, this Court may, in its discretion, order alternative service.

Plaintiff's proposed means of alternative service are reasonably calculated to give Defendants' actual notice. Plaintiff asks the Court to allow service on Defendants' insurance adjuster Abigayle Sasser. Plaintiff has already been in contact with Ms. Sasser since the suit was filed (*see* ECF No. 6-2), Geico has an existing business relationship with Defendants, and Geico will presumably be involved in defending against Plaintiff's claims in this motor vehicle tort case. Under these circumstances, service on Ms. Sasser is reasonably calculated to provide

notice to Defendants.

Based on the foregoing, it is this 12th day of April 2019, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff Giovanni Bisignani's Motion for Alternative Service (ECF No. 6) BE, and the same hereby IS, GRANTED;

2. Service of process of the Summons, Complaint, and Civil Cover Sheet to Abigayle Sasser, Geico, Region 1 Claims, P.O. Box 9505, Fredericksburg, VA 22403-9505 via certified mail SHALL BE effective service upon Defendants David Crow and Joshua Crow; and

3. The Clerk shall TRANSMIT copies of this Memorandum Opinion and Order to the parties.

__4/12/2019_____  
Date

_____/S/_____  
Paula Xinis  
United States District Judge